# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

## CIVIL ACTION NO. NO. 4:24-CV-73-DJH

**SARAH TEAGUE,** **PLAINTIFF**
*Individually And As The Mother Of Heather Danyelle Teague,*

v. **COMMONWEALTH OF KENTUCKY'S MOTION TO DISMISS**

**KENTUCKY STATE POLICE POST 16**
**HENDERSON, KENTUCKY, and**
**THE FEDERAL BUREAU OF INVESTIGATION,** **DEFENDANTS**

Comes the Commonwealth of Kentucky, by counsel, as the real party in interest[1] where the Plaintiff purports to sue "Kentucky State Police Post 16, Henderson, Kentucky," and moves the Court to dismiss all claims against the Commonwealth pursuant to Fed. R. Civ. P. 12(b)(1) and (6). (Complaint, Docket Number ("DN") 1). In support of this motion, the Defendant further states as follows:

## I. SUMMARY

"Kentucky State Police Post 16, Henderson, Kentucky," is not a separate legal entity, capable of suing or being sued, so the Defendant presumes the Complaint is directed against the Department of Kentucky State Police and, therefore, against the Commonwealth of Kentucky. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Allen v. Booth*, CIV.A. 08-135, 2008 WL 4829875, at *1 (E.D. Ky. Nov. 5, 2008).

There are numerous reasons the Complaint in this matter must be dismissed, including, but not limited to, the following:

A. The claims are barred by the Eleventh Amendment

---

[1] "If, for example, an action is in essence against a State even if the State is not a named party, then the State is the real party in interest[.]" *Lewis v. Clarke*, 581 U.S. 155, 162 (2017).

1

B. The Commonwealth or the Kentucky State Police are not "persons" subject to suit under §§ 1983 and 1985;

C. The claims are barred by the statutes of limitations applicable to each;

D. The claims are barred by the doctrine of *res judicata*, where the Plaintiff has previously sued the Kentucky State Police for claims arising from the same cause and such claims were dismissed in 2013;

E. The complaint fails to state a claim upon which relief can be granted;

F. The Plaintiff lacks standing to sue on behalf of Heather Danyelle Teague.

## II. FACTS

The Plaintiff says that her daughter, Heather Danyelle Teague, was abducted from Newburgh Beach in Henderson County, Kentucky, twenty-nine years ago. She does not claim the Kentucky State Police shared any fault in that event. (DN 1 at 2).

The Complaint says that a witness saw Ms. Teague being abducted in 1995. (*Id.*). While the Complaint includes a claim for "wrongful death," it does not specifically say how or under what circumstances that death occurred.

The Plaintiff concludes, without explanation, that "Kentucky State Police (KSP) Post 16 framed Marty Dill as the suspect," and that he "died under suspicious circumstances shortly after the investigation began," but provides no factual explanation of either the alleged frame-up or his death. (*Id.*). Beyond bare conclusions, the Complaint provides no details that, if taken as true, could show any wrongdoing by anyone in the Kentucky State Police.

The Plaintiff says that she has "uncovered significant evidence demonstrating the mishandling of the investigation by the KSP, including the use of outdated and inaccurate information, the failure to pursue credible leads, and the intentional misrepresentation of facts."

(DN 1 at 2). Again, beyond that bare conclusion, the Complaint provides no details that, if taken as true, could show any wrongdoing by anyone in the Kentucky State Police. Other than accepting bare conclusions, without the slightest reference to underlying facts, the Complaint simply provides no basis for any of the claims therein.

The Plaintiff goes on the make similar conclusory allegations against the FBI and to express non-specific dissatisfaction with the way the agencies have responded to her requests for information and their handling of the investigation.

### III. ARGUMENT

**A. THE COURT LACKS SUBJECT MATTER JURISDICTION OVER SUITS AGAINST THE COMMONWEALTH OF KENTUCKY FOR MONETARY DAMAGES AND SUCH CLAIMS MUST BE DISMISSED PURSUANT TO FED.R.CIV.P. 12(b)(1) AND 12(b)(6)**

The Plaintiff's first three causes of action are federal claims under 42 U.S.C. §§ 1983 and 1985, from which she seeks compensatory and punitive damages, attorney fees, etc. (DN 1). The Defendant asserts that this Court lacks subject matter jurisdiction over such claims.

Under the Eleventh Amendment, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI.

> While the Amendment by its terms does not bar suits against a State by its own citizens, this Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State. *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890); *Duhne v. New Jersey, 251 U.S. 311, 40 S.Ct. 154, 64 L.Ed. 280 (1920); Great Northern Life Insurance Co. v. Read*, 322 U.S. 47, 64 S.Ct. 873, 88 L.Ed. 1121 (1944); *Parden v. Terminal R. Co*., 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964); *Employees v. Department of Public Health and Welfare*, 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed.2d

> 251 (1973). It is also well established that even though a State is not named a party to the action, the suit may nonetheless be barred by the Eleventh Amendment. In *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945), the Court said:
>
>> '(W)hen the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants.' *Id.,* at 464, 65 S.Ct., at 350.
>
> Thus the rule has evolved that a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment. *Great Northern Life Insurance Co. v. Read, supra; Kennecott Copper Corp. v. State Tax Comm'n*, 327 U.S. 573, 66 S.Ct. 745, 90 L.Ed. 862 (1946).

*Edelman v. Jordan*, 415 U.S. 651, 662–63, 94 S. Ct. 1347, 1355–56 (1974).

The Court must decide the Fed.R.Civ.P. 12(b)(1) argument first, as the Fed.R.Civ.P. "12(b)(6) argument becomes moot if the Court lacks subject matter jurisdiction." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir.1990) (citing *Bell v. Hood*, 327 U.S. 678, 682, 66 S.Ct. 773 (1946) for the proposition that a "motion to dismiss for failure to state a cause of action may be decided only after establishing subject matter jurisdiction, since determination of the validity of the claim is, in itself, an exercise of jurisdiction.").

The Eleventh Amendment bars all suits, whether for injunctive, declaratory or monetary relief, against the state, its departments, and agencies of the state. *Sefa v. Kentucky*, 510 F. App'x 435, 437 (6th Cir. 2013) (quoting *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993)); *see also Dubuc v. Michigan Bd. of Law Examiners*, 342 F.3d 610, 615 (6th Cir. 2003). Fed.R.Civ.P. 12(b)(1) allows the Defendants to assert lack of subject matter jurisdiction as a defense, inherently challenging the Court's power to hear the case, and places the burden on the Plaintiff to prove that jurisdiction exists. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).

In *Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985), an official capacity §1983 claim was brought against the Commissioner of the Kentucky State Police. The U.S. Supreme Court reversed the award of fees and costs against the Kentucky State Police and recognized it as a government entity immune from suit, and therefore damages, under the Eleventh Amendment. States are entitled to absolute immunity under the Eleventh Amendment. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."). Sovereign immunity extends to public agencies, like the Department of Kentucky State Police, that are an "arm or alter ego of the state." *Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir.1993); *Hall v. Med. Coll. of Oh.*, 742 F.2d 299, 301 (6th Cir.1984).

The Kentucky State Police is a department within the executive branch of the Commonwealth that is tasked with statewide law enforcement, and is funded by the Kentucky Generally assembly. Ky.Rev.Stat. Ann. §§ 15A.020, 16.060, 16.050(1). The Plaintiff's § 1983 and § 1985 claims against the Commonwealth, whether labeled as "Commonwealth of Kentucky," or "Kentucky State Police," or "Kentucky State Police Post 16, Henderson, Kentucky," must be dismissed, because the Court lacks subject matter jurisdiction over such claims.

### B. THE COMMONWEALTH OF KENTUCKY, SUED AS "KENTUCKY STATE POLICE POST 16," IS NOT A "PERSON" SUBJECT TO SUIT UNDER § 1983 or § 1985

The Plaintiff has not sued any individual for the violations of civil rights she alleges in Counts I – III of her Complaint, but merely asserts her claims against "Kentucky State Police Post 16, Henderson, Kentucky."

42 U.S.C. § 1983 provides a cause of action against a "<u>person</u> who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ." 42 U.S.C. § 1983 (emphasis added); See, DN 1 at 3-4 (Count I, Count III). 42 U.S.C. § 1985 applies, in turn, where "two or more <u>persons</u> in any State or Territory conspire," to commit such a deprivation of rights. 42 U.S.C.A. § 1985 (emphasis added).

"[A] state is not a "person" within the meaning of § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65 (1989). Therefore, "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Id*. at 66. States, state agencies, and state officials sued in their official capacities for monetary damages, are not considered "persons" within the meaning of 42 U.S.C. §1983 or § 1985, such that they are subject to these claims. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Mahle v. Municipality of Anchorage*, 313 Fed. Appx. 18, 19 (9th Cir. 2008) ("State is not a 'person' subject to suit under §§ 1983 and 1985"); *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005); *Hernandez v. State of N.M.*, 64 F.3d 669 (10th Cir. 1995); *Johnson v. Illinois*, 21-2896, 2022 WL 17848957, at *2 (7th Cir. Dec. 22, 2022), reh'g denied, 21-2896, 2023 WL 138867 (7th Cir. Jan. 9, 2023); *Washington v. Louisiana*, 425 Fed. Appx. 330, 333 (5th Cir. 2011). Accordingly, the federal claims seeking monetary damages asserted against the Commonwealth or its agency must be dismissed.

Because the Commonwealth of Kentucky, labeled as "Kentucky State Police, Post 16, Henderson, Kentucky," is not a "person" subject to suit under §§ 1983-1985, the Plaintiff's Counts

6

I-III must be dismissed, pursuant to Fed. R. Civ. P. 12(b)(6), because such allegations fail to state a claim upon which relief can be granted by the Court.

### C. PLAINTIFF'S CLAIMS ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS

*A. 42 U.S.C. §§ 1983 and 1985 Claims*

The statute of limitations for 42 U.S.C. § 1983 actions is governed by the limitations period for personal injury cases in the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Kentucky § 1983 actions are limited by the one-year statute of limitations found in KRS § 413.140(1). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir.1990).

Although state law establishes the statute of limitations for § 1983 actions, federal law controls the issue of when the statute of limitations begins to run. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir.1984). Federal law establishes that a § 1983 cause of action accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the complaint. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir.2001). In case of Fourth Amendment violations brought under § 1983, the statute of limitations begins to run on the date that the alleged constitutional violations occurred. *See Wallace v. Kato*, 549 U.S. 384 (2007). "A § 1983 claim for excessive force in effectuating an arrest accrues at the time of arrest." *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007).

In this case, the Plaintiff provides little factual information about when the alleged violations occurred, but we are left to presume that they occurred around or shortly after August 26, 1995. There is no indication that any event about which the Plaintiff complains occurred recently. Because the applicable statute of limitations for Plaintiff's § 1983 and § 1985 claims is one year, there is little need to pin down the exact date of the abduction and investigation to see that the intervening twenty-nine years place those events far outside the limitations period.

However, we can also refer to Judge Russell's Memorandum Opinion dismissing the Plaintiff's complaint the last time she filed this same action:

> Plaintiff filed this action on February 26, 2013. The abduction of her daughter occurred on August 26, 1995. The most recent date Plaintiff points to in her complaint is June 30, 2009, when she alleges Defendant Fritz came to her home. It appears from her complaint that she told Shoultz about that visit a year later, presumably June 2010. However, June 2010 is still more than one year before the date of filing her complaint. Thus, any § 1983 claim, even one related to the most recent occurrence in her complaint, is time-barred.

*Teague v. Kentucky State Police*, 4:13CV-16-R, 2013 WL 2404804, at *5 (W.D. Ky. May 31, 2013). Obviously, if her Complaint was time-barred in 2013, it is time barred in 2024.

### B. State Law Claims

Under Kentucky law, "Kentucky's one-year statute of limitations governs . . . state claims for negligence and negligent training/supervision." *Thomas v. Mayo*, 3:21-CV-549-RGJ, 2024 WL 116424, at *7 (W.D. Ky. Jan. 10, 2024)(citing, KRS 413.140(1); *DeLong v. Arms*, 251 F.R.D. 253, 255 (E.D. Ky. 2008) (one-year Kentucky statute of limitations applies to negligence). Likewise, "KRS 413.140(1) and its predecessors have been recognized for over 100 years as establishing a one year statute of limitations for wrongful death claims." *Gaither v. Commonwealth*, 161 S.W.3d 345, 346 (Ky. App. 2004); *See*, DN 1 at 4 (Count V). Finally, "[u]nder Kentucky law, a claim for infliction of emotional distress is subject to a five-year statute of limitations." *Hall v. City of Williamsburg, Kentucky*, CV 6: 16-304-DCR, 2017 WL 2274327, at *8 (E.D. Ky. May 24, 2017), aff'd sub nom. *Hall v. City of Williamsburg*, 768 Fed. Appx. 366 (6th Cir. 2019), and aff'd sub nom. Hall v. City of Williamsburg, 768 Fed. Appx. 366 (6th Cir. 2019); *see also, Craft v. Rice*, 671 S.W.2d 247, 251 (Ky. 1984); DN 1 at 4-5 (Count VI).

Again, citing Judge Russell's opinion from the Plaintiff's earlier suit on these issues, "any § 1983 claim, even one related to the most recent occurrence in her complaint, is time-barred." *Teague*, 2013 WL 2404804, at 5. If Plaintiff's Complaint was time-barred in 2013, filing the action again in 2024 leaves no doubt that both the one-year and five-year statutes of limitation have long expired.

Even by reference to the later dates provided in the Plaintiff's 2013 lawsuit, all applicable statutes of limitation have expired and this action must be dismissed

### D. THIS ACTION IS BARRED BY THE DOCTRINE OF RES JUDICATA

On February 26, 2013, Plaintiff Sarah Teague filed a *pro se* Complaint against the Defendant, Kentucky State Police, in the U.S. District Court for the Western District of Kentucky. *Teague v. Kentucky State Police*, 4:13CV-16-R, 2013 WL 2404804, at *1 (W.D. Ky. May 31, 2013); (*See*, Complaint, *Teague v. Kentucky State Police*, et al., 4:13CV-16-R, attached hereto as Exhibit A). The suit raised claims for violation of "§ 1983 and 'malfeasance.'" *Id*. at 5.

As the Court described the case:

> Plaintiff sues a number of people involved with the investigation of her daughter's disappearance in Henderson County, Kentucky, nearly 18 years ago. The complaint names as Defendants the Kentucky State Police (KSP); the Henderson Police Department; Clay Hutchinson; Mike Cline; Jon Fritz; Pat Isbill; Robie Atherton; Jeff Eastham; David Osborne; Susan DeWitt; Brian Babbs; Samantha Deegan; James Hendricks; Tim Walthall; Jerry Garner; Robin Lewis; Marc Carter; Robert Shoultz; Greg Beard; Tim Rascoe; Dr. Mark LeVaughn; Scott Thomas; and Larry Owens. She states that she has proof that the story she was told on August 26, 1995, concerning her daughter Heather's abduction is not true.

*Id*, at 1.

The Court screened the case pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir.1997). In doing so, the Court considered the "merits" of the

Complaint. *Teague v. Kentucky State Police*, at 5-7; See Memorandum Opinion, *Teague v. Kentucky State Police*, et al., 4:13CV-16-R, attached hereto as Exhibit B). The Court dismissed the claims "with prejudice for failure to state a claim within the meaning of 28 U.S.C. § 1915(e)(2)(b)." (Order, *Teague v. Kentucky State Police*, et al., 4:13CV-16-R, attached hereto as Exhibit C).

"The doctrine of res judicata, or claim preclusion, provides that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in a prior action." *Smith v. Bob Smith Chevrolet, Inc.,* 275 F. Supp. 2d 808, 813 (W.D. Ky. 2003)(citing *Kane v. Magna Mixer Co*., 71 F.3d 555, 560 (6th Cir.1995) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). For res judicata to apply "[f]irst, there must be identity of the parties. Second, there must be identity of the two causes of action. Third, the action must be decided on its merits." *Smith v. Bob Smith Chevrolet, Inc*., at 813 (quoting *City of Louisville v. Louisville Prof'l Firefighters Ass'n*, 813 S.W.2d 804, 806 (Ky.1991).

In the prior action, Sarah Teague sued the Commonwealth of Kentucky, listed as "Kentucky State Police" on the Complaint. Between those parties, the only difference is that Ms. Teague listed the particular post of the Kentucky State Police in the heading of the present Complaint. Taking for granted that one cannot sue a particular building owned by the Commonwealth, each is a suit against the Commonwealth of Kentucky, through its department, the Kentucky State Police.

Both the 2013 and 2024 Complaints clearly seek to sue the Commonwealth because the Plaintiff is dissatisfied with the investigation the State Police have conducted into her daughter's disappearance. (*See, e.g*., DN 1, Exhibits A-B). As the Court said in 2013, "[t]he most recent date Plaintiff points to in her complaint is June 30, 2009[.]" *Teague v. Kentucky State Police*, 2013 WL

2404804, at *5. The Plaintiff points to no later events in the present Complaint. (DN 1). Therefore, any issues raised in the present action are "issues that were or could have been raised in [the] prior action." *Smith v. Bob Smith Chevrolet, Inc.,* 275 F. Supp. at 813.

Because the present complaint raises issues between the same parties that were or could have been raised in the 2013 Complaint, and because that Complaint was dismissed on its merits, the present Complaint is barred by the doctrine of *res judicata*.

### E. THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND MUST BE DISMISSED, PURSUANT TO FED.R.CIV.P. 12(b)(6)

The Complaint must be dismissed for failing to state a claim upon which relief can be granted. As the Court said in 2013, "[t]o the extent Plaintiff's allegations can be considered to be that Defendants have violated the Due Process Clause because they have not properly investigated this case, such an allegation does not state a claim." *Teague v. Kentucky State Police*, 4:13CV-16-R, 2013 WL 2404804, at 6 (citing *Parker v. Napoleon*, 46 F. App'x 298, 299 (6th Cir.2002).

Rather than repeating all of the Court's reasoning, the Defendant incorporates the Memorandum Opinion, attached as Exhibit B, by reference, in support of this argument. (*See,* Memorandum Opinion, Exhibit B at 8-11).

In addition, the present Complaint appears to include even less factual information that the one previously dismissed.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc*., 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, *see Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual

> allegation"). Factual allegations must be enough to raise a right to
> relief above the speculative level[.]

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

The Plaintiff's Complaint fails to assert even the "[t]hreadbare recitals of the elements of a cause of action." *Id*. She merely concludes that the Department, through no specific actors, used "outdated and inaccurate information," "fail[ed] to pursue credible leads," intentionally misrepresented facts, etc., without ever saying what information, what leads, or what facts she is talking about. (DN 1 at 2-3). If the Commonwealth was required to defend this case on its merits, the Complaint would not even be sufficient to inform the Defendant as to what employees it needs to speak with, when they may have worked for the department, or what they are alleged to have done wrong.

The present action, like the action dismissed in 2013, fails to state a claim upon which relief can be granted and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### F. PLAINTIFF LACKS STANDING TO BRING THIS ACTION ON BEHALF OF HEATHER DANYELLE TEAGUE

The *pro se* Plaintiff, Sarah Teague, says that she is suing "individually and as the mother of Heather Danyelle Teague." (DN 1 at 1). The Complaint does not expressly state whether Sarah Teague has been appointed executor of her daughter's estate, although Count V of the Complaint does allege that Heather Danyelle Teague is dead.

"Although 28 U.S.C. § 1654 provides that '[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel,' that statute does not permit plaintiffs to appear pro se where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). Civil rights actions under § 1983 are personal to the injured party and can only be brought by the executor of an estate. *Id.*; *Jaco v. Bloechle*, 739 F.2d 239, 240 (6th Cir.1984).

Even if Ms. Teague is the executor of her daughter's estate, "an administratrix or executrix of an estate may not proceed pro se when the estate has beneficiaries and creditors other than the litigant." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002)(quoting *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir.1997)).

Without providing any claim whatsoever that Sarah Teague is the executor of the estate of Heather Danyelle Teague, or that she is the sole beneficiary of that estate, the Defendant assumes to the contrary and asserts that she lacks standing to appear on behalf of the estate.

### IV. CONCLUSION

Pursuant to Fed.R.Civ.P. 12(b)(1), the Court lacks subject matter jurisdiction over this action, because it is an action by a citizen against the Commonwealth of Kentucky and the Commonwealth is immune under the Eleventh Amendment and the Commonwealth's sovereign immunity. U./S. Const. Amend. XI.

The Kentucky State Police, as an arm of the Commonwealth of Kentucky, is not a "person" subject to suit under 42 U.S.C. §§ 1983 and 1985.

The statute of limitations for filing any of the claims contained in the Complaint expired many years ago and the entire action is, therefore, time-barred.

This action is barred by the doctrine of *res judicata*, because the Plaintiff has previously sued the Kentucky State Police for the same or similar claims arising from the same event and such claims were dismissed in 2013.

The complaint, like the similar complaint filed in 2013, fails to state a claim upon which relief can be granted, in that it fails to allege any facts that, even taken as true, would tell the Court (or the Defendant) what any Kentucky State Police employee is alleged to have done wrong, that could make them liable to the Plaintiff.

Finally, as far as the Defendant can tell from the Complaint, the Plaintiff lacks standing to sue on behalf of Heather Danyelle Teague.

**WHEREFORE**, the Defendant, the Commonwealth of Kentucky, respectfully requests that the Court dismiss the claims against its agency, "Kentucky State Police Post 16, Henderson, Kentucky."

Respectfully submitted,

*/s/ Brenn O. Combs*
Brenn O. Combs, KBA #87656
Staff Attorney, Legal Services Branch
Kentucky State Police
919 Versailles Road
Frankfort, KY 40601
(502) 782-1800
(502) 573-1636 (fax)
Counsel for the Commonwealth of Kentucky

**CERTIFICATE OF SERVICE**

I hereby certify that on September 6, 2024, I electronically filed this document with the Court by using the CM/ECF system, which will provide service on all counsel of record and upon the Plaintiff, *pro se,* who has elected to receive electronic service (DN 6, *Registration to Receive Documents Electronically*, filed by Sarah Teague, August 21, 2024).

*/s/ Brenn O. Combs*
COUNSEL FOR DEFENDANT