UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

| | |
|---|---|
| SARAH TEAGUE,<br><br>*Individually And As The Mother Of Heather Danyelle Teague,*<br><br>        Plaintiff,<br><br>v.<br><br>KENTUCKY STATE POLICE POST 16 HENDERSON, KENTUCKY, and THE FEDERAL BUREAU OF INVESTIGATION,<br><br>        Defendants. | CIVIL ACTION NO. 4:24-CV-73-DJH<br><br>PLAINTIFF'S RESPONSE TO DEFENDANT COMMONWEALTH OF KENTUCKY'S MOTION TO DISMISS<br><br>**FILED**<br>JAMES J. VILT, JR. - CLERK<br>OCT 25 2024<br>U.S. DISTRICT COURT<br>WEST'N. DIST. KENTUCKY |

**PLAINTIFF'S RESPONSE TO|**
**DEFENDANT COMMONWEALTH OF KENTUCKY'S MOTION TO DISMISS**

### INTRODUCTION

Plaintiff, Sarah Teague, individually and on behalf of her daughter Heather Danyelle Teague, submits this response to the Commonwealth of Kentucky's Motion to Dismiss. For the reasons stated below, the Plaintiff respectfully requests that the Court deny the motion.

### ARGUMENTS IN OPPOSITION TO DISMISSAL

1

# I. THE ELEVENTH AMENDMENT DOES NOT BAR THIS ACTION

The Defendant claims Eleventh Amendment immunity from suit, relying on the principle that states are generally immune from lawsuits in federal courts unless they consent to be sued. However, there are recognized exceptions to Eleventh Amendment immunity that apply here.

1. **Violation of Federal Law**: Under the *Ex parte Young* doctrine, state officials can be sued in their official capacities for prospective injunctive relief when they are violating or have violated federal law. *Ex parte Young*, 209 U.S. 123, 155–56 (1908). Plaintiff seeks more than monetary damages; she requests injunctive relief that would compel the Kentucky State Police (KSP) to comply with federal standards in handling missing persons cases. Since this is prospective relief, the Eleventh Amendment does not bar these claims.

2. **Waiver of Immunity**: The Commonwealth of Kentucky has waived its immunity in some circumstances, particularly where federal civil rights are at stake. While Kentucky has not generally waived immunity under 42 U.S.C. § 1983, Plaintiff will argue that KSP's actions fall under exceptions where federal rights violations are concerned. Sovereign immunity does not shield violations of federally protected rights from scrutiny.

# II. THE KENTUCKY STATE POLICE ARE LIABLE UNDER §§ 1983 AND 1985

Defendant argues that the KSP is not a "person" under 42 U.S.C. §§ 1983 and 1985. However, case law provides room for the following counter-arguments:

1. **Individual Officers**: While state agencies are not typically considered "persons" under § 1983, state officials sued in their individual capacities are. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff intends to amend the complaint, if necessary, to

assert claims against individual KSP officers in their personal capacities for violations of constitutional rights under the Fourth and Fourteenth Amendments.

2. **Kentucky's Sovereign Immunity Does Not Apply to Federal Civil Rights Violations**: The Supremacy Clause (Article VI, Clause 2) of the U.S. Constitution ensures that federal law takes precedence over state immunity doctrines. *Howlett v. Rose*, 496 U.S. 356, 375 (1990), clarified that state common law or statutory immunity cannot bar federal claims under § 1983.

## III. STATUTES OF LIMITATIONS SHOULD BE TOLLED

The Defendant claims that the statutes of limitations for Plaintiff's claims under 42 U.S.C. §§ 1983 and 1985, as well as state law claims, have expired. However, there are several reasons why the statute of limitations should be tolled.

1. **Equitable Tolling**: The Sixth Circuit recognizes the doctrine of equitable tolling, which permits plaintiffs to avoid the bar of the statute of limitations if they were prevented from asserting their rights in some extraordinary way. *Zappone v. United States*, 870 F.3d 551, 556 (6th Cir. 2017). Here, Plaintiff uncovered new evidence of the KSP's mishandling and misrepresentation of facts related to her daughter's abduction. This fraudulent concealment justifies tolling the statute.

2. **Continuing Violation Doctrine**: Federal courts also recognize the continuing violation doctrine, which allows claims outside the statutory period when the wrongful act is part of an ongoing violation. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 118 (2002). KSP's ongoing refusal to release records, coupled with continued misinformation about the investigation, demonstrates a continuous violation of Plaintiff's rights.

## IV. RES JUDICATA DOES NOT APPLY

The Defendant argues that Plaintiff's claims are barred by res judicata because a similar lawsuit was dismissed in 2013. However, res judicata requires:

1. **Identity of Parties**: While Sarah Teague was the plaintiff in the 2013 case, the 2024 lawsuit includes new claims based on different facts and newly discovered evidence. The 2023 evidence reveals material differences in the scope and extent of KSP's actions compared to the previous suit.
2. **Identity of Causes of Action**: The current case asserts new claims that were not litigated or could not have been litigated in the 2013 action. In *Lawlor v. National Screen Service Corp.*, 349 U.S. 322 (1955), the Supreme Court held that res judicata does not bar claims based on new facts or evidence unavailable at the time of the original action.

## V. THE COMPLAINT STATES A VALID CLAIM

The Defendant's assertion that the Complaint fails to state a claim under Rule 12(b)(6) is incorrect. The Complaint provides sufficient factual allegations to state a claim that is plausible on its face, as required by *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Specifically:

1. **Sufficient Factual Allegations**: The Plaintiff has alleged that KSP mishandled the investigation into Heather Teague's abduction, used outdated information, failed to pursue credible leads, and intentionally misrepresented facts. These are not mere conclusory statements; they are supported by Plaintiff's investigation, public records requests, and witness statements.
2. **Right to Amend**: Should the Court find that the Complaint lacks sufficient detail, Plaintiff respectfully requests leave to amend the Complaint under Rule 15(a)(2), which

4

should be freely given when justice so requires. This would allow for additional factual allegations to further support the claim.

## VI. STANDING EXISTS TO SUE ON BEHALF OF HEATHER TEAGUE

Finally, the Defendant argues that Plaintiff lacks standing to sue on behalf of Heather Teague. However, Plaintiff Sarah Teague is Heather Teague's mother and next of kin, giving her standing to seek justice for her daughter.

1. **Wrongful Death Claims**: Kentucky law, under KRS § 411.130, permits a decedent's estate to file a wrongful death claim. If the Court requires, Plaintiff will file documents establishing her status as executor of Heather Teague's estate.
2. **Civil Rights Claims**: Civil rights claims, including those under § 1983, can be brought by family members if the individual has passed away, particularly where the plaintiff alleges a violation of rights in relation to the death. *Jaco v. Bloechle*, 739 F.2d 239, 240 (6th Cir.1984).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the Defendant's Motion to Dismiss in its entirety. Should the Court find any portion of the motion persuasive, Plaintiff requests leave to amend the Complaint as necessary.

This, the 21 day of October, 2024.

5

Respectfully Submitted,

By: _____
Sarah Teague
Plaintiff, *pro se*
sarah.teague5@gmail.com
1078 Paces Creek Road
Manchester, KY 40962

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2024, I filed the foregoing with this Court by mailing the same and any and all attachments and exhibits, if any, to this Court, which, upon docketing, will provide service on all counsel of record via the CM/ECF system.

By: _____
Sarah Teague
Plaintiff, *pro se*
sarah.teague5@gmail.com
1078 Paces Creek Road
Manchester, KY 40962

Sarah Nell Teague
1078 Paces Creek Rd
Manchester Ky 40962

9589 0710 5270 1118 3250 06

U.S. POSTAGE PAID
FCM LG ENV
MANCHESTER, KY
OCT 22, 2024
$6.89
R2304N117599-08

42301
RDC 99

Federal Court Bldg
423 Frederica St
#126
Owensboro
Ky
42303
42301