FILED
JAMES J. VILT, JR. - CLERK

OCT 25 2024

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

SARAH TEAGUE,

*Individually And As The Mother Of Heather Danyelle Teague,*

Plaintiff,

v.

KENTUCKY STATE POLICE POST 16 HENDERSON, KENTUCKY, and THE FEDERAL BUREAU OF INVESTIGATION,

Defendants.

CIVIL ACTION NO. 4:24-CV-73-DJH

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT COMMONWEALTH OF KENTUCKY'S MOTION TO DISMISS

---

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT COMMONWEALTH OF KENTUCKY'S MOTION TO DISMISS

---

## INTRODUCTION

This Memorandum of Law is respectfully submitted in support of Plaintiff Sarah Teague's opposition to Defendant Commonwealth of Kentucky's Motion to Dismiss. The motion seeks to dismiss Plaintiff's claims on the grounds of sovereign immunity, failure to state a claim under 42 U.S.C. §§ 1983 and 1985, statute of limitations, *res judicata*, and standing. Plaintiff asserts that Defendant's motion is unfounded in light of established constitutional and statutory principles, as well as equitable doctrines. The motion should be denied in its entirety.

## I.  THE ELEVENTH AMENDMENT DOES NOT BAR THIS ACTION

The Commonwealth of Kentucky contends that the Eleventh Amendment bars Plaintiff's claims against the Kentucky State Police ("KSP"). However, this argument fails because the Plaintiff seeks prospective injunctive relief under the well-established *Ex parte Young* doctrine and challenges ongoing violations of federal law.

### A. *Ex parte Young* Doctrine Permits Prospective Relief Against State Officials

The U.S. Supreme Court in *Ex parte Young*, 209 U.S. 123 (1908), established that federal courts have jurisdiction over suits against state officials for prospective injunctive relief where those officials are acting in violation of federal law. This principle is directly applicable here. Plaintiff's complaint seeks injunctive relief against KSP officials for their ongoing failure to release critical documents and their continued mishandling of the investigation into the disappearance of Heather Teague. This prospective relief, aimed at halting the ongoing violation of Plaintiff's federal rights, fits squarely within the *Ex parte Young* exception to Eleventh Amendment immunity.

As articulated in *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635 (2002), where a plaintiff seeks to prevent state officials from continuing to act in violation of federal law, the suit is not barred by the Eleventh Amendment. Plaintiff is not seeking retroactive damages but is instead requesting equitable relief to compel the KSP to act in accordance with federal law. Consequently, this claim is not barred by sovereign immunity.

### B. The Supremacy Clause Preempts Sovereign Immunity in Cases of Federal Rights Violations

The Supremacy Clause of the U.S. Constitution (Art. VI, cl. 2) ensures that federal law takes precedence over conflicting state laws, including state sovereign immunity where constitutional rights are implicated. In *Howlett v. Rose*, 496 U.S. 356 (1990), the Supreme Court held that a state's sovereign immunity does not extend to claims arising under federal law, including § 1983 claims, where the state actor is in violation of federally protected rights. Here, the Kentucky State Police's actions—or inactions—related to the investigation of Plaintiff's daughter's disappearance violate federal civil rights laws, thereby invoking the protections of the Supremacy Clause and preempting the Commonwealth's sovereign immunity defense.

The Defendant's reliance on Eleventh Amendment immunity is therefore misplaced, as it is inapplicable to claims brought under federal civil rights laws that seek prospective relief.

## II. PLAINTIFF HAS SUFFICIENTLY STATED CLAIMS UNDER 42 U.S.C. §§ 1983 AND 1985

The Defendant asserts that Plaintiff's claims under 42 U.S.C. §§ 1983 and 1985 should be dismissed because the KSP is not a "person" under these statutes. This argument is incomplete and incorrect, as it overlooks the well-established precedent allowing claims against individual state officers in their personal capacities and neglects the broad scope of civil rights protections afforded by federal law.

### A. Individual Officers Are Liable Under 42 U.S.C. § 1983 for Constitutional Violations

While it is true that a state is not a "person" under 42 U.S.C. § 1983, this rule applies to states and state agencies, not individual officers acting under the color of state law. The Supreme

Court in *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989), held that individual state officials may be sued in their personal capacities under § 1983 for constitutional violations, even though a state agency is not a "person" for purposes of the statute. Plaintiff's claim is premised on the actions of individual KSP officers who, acting under color of law, violated the federal constitutional rights of both Sarah Teague and her daughter, Heather Teague. As such, the claims under § 1983 are properly directed at these individual state actors.

### B. Violations of Federal Civil Rights Are Not Shielded by Sovereign Immunity

The notion that state officials are immune from federal civil rights claims is a misunderstanding of the law. The doctrine established in *Howlett v. Rose*, 496 U.S. 356 (1990), makes clear that states cannot invoke sovereign immunity to avoid liability for violations of federally protected rights. The Plaintiff's claims under § 1983 and § 1985 allege deprivations of her constitutional rights by state actors, and the state's immunity cannot preclude such claims. This position is further supported by the broad construction of federal civil rights protections that serve as an essential check on state abuses of power.

### C. THE STATUTE OF LIMITATIONS SHOULD BE TOLLED UNDER EQUITABLE DOCTRINES

The Defendant argues that Plaintiff's claims are barred by the applicable statute of limitations. However, equitable tolling and the continuing violation doctrine apply in this case, allowing Plaintiff's claims to proceed despite the passage of time.

### A. Equitable Tolling Applies Due to Fraudulent Concealment and New Evidence

Equitable tolling permits plaintiffs to pursue claims outside the statutory period if they have diligently pursued their rights but were prevented from filing in time due to extraordinary circumstances. In *Zappone v. United States*, 870 F.3d 551, 556 (6th Cir. 2017), the Sixth Circuit reaffirmed that tolling is appropriate where a defendant's fraudulent concealment of material facts prevented timely filing. Here, the KSP's concealment of critical evidence and failure to disclose key investigative documents constitute extraordinary circumstances justifying equitable tolling. Plaintiff only recently uncovered this evidence, which has directly impacted her ability to seek legal redress.

## B. The Continuing Violation Doctrine Allows Claims for Ongoing Misconduct

The continuing violation doctrine allows a plaintiff to challenge wrongful acts that began outside the statutory period but continue into the present. In *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), the Supreme Court held that when the unlawful conduct continues, each act within the ongoing pattern resets the statute of limitations. Here, KSP's ongoing refusal to release documents and its continued mishandling of the investigation into Heather Teague's disappearance constitute a continuing violation of Plaintiff's rights, permitting the claims to proceed despite the original cause of action arising many years ago.

## III. RES JUDICATA DOES NOT APPLY BECAUSE NEW EVIDENCE SUPPORTS A DISTINCT CAUSE OF ACTION

The Defendant contends that Plaintiff's claims are barred by *res judicata* due to the dismissal of her prior lawsuit in 2013. However, res judicata does not apply because the present case involves new claims based on newly discovered evidence that could not have been raised in the earlier litigation.

## A. Res Judicata Does Not Bar Claims Based on New Evidence

*Res judicata* only bars claims that were, or could have been, litigated in a prior action. In *Lawlor v. National Screen Service Corp.*, 349 U.S. 322 (1955), the Supreme Court held that *res judicata* does not preclude a plaintiff from bringing claims based on new facts or evidence that were not available during the previous litigation. The newly uncovered evidence of the KSP's mishandling of the investigation and the misrepresentation of key facts forms the basis for Plaintiff's current claims, which were not—and could not have been—litigated in the prior suit.

## V. PLAINTIFF HAS STANDING TO BRING CLAIMS ON BEHALF OF HER DAUGHTER

The Defendant's assertion that Plaintiff lacks standing to sue on behalf of Heather Teague is incorrect. Plaintiff Sarah Teague, as Heather's mother and next of kin, has the legal authority to bring claims on her daughter's behalf.

### A. Standing Under Kentucky Law and Federal Civil Rights Statutes

Under Kentucky law, KRS § 411.130 authorizes the personal representative or next of kin to bring a wrongful death action. Sarah Teague, as Heather Teague's mother, has standing to pursue this claim. Furthermore, civil rights claims under 42 U.S.C. § 1983 may be brought by family members on behalf of a deceased individual, particularly in cases where the decedent's rights were violated. *Jaco v. Bloechle*, 739 F.2d 239, 240 (6

In *Jaco v. Bloechle*, 739 F.2d 239, 240 (6th Cir. 1984), the Sixth Circuit recognized that wrongful death claims and civil rights claims under § 1983 can be brought by family members, including the decedent's next of kin. In this case, Plaintiff alleges significant violations of

Heather Teague's constitutional rights stemming from the Kentucky State Police's mishandling of the investigation into her disappearance. Moreover, Kentucky law under KRS § 411.130 provides that a wrongful death action may be brought by the next of kin, which Sarah Teague indisputably is.

Thus, Plaintiff has standing to assert claims on behalf of her deceased daughter both under Kentucky state law and federal civil rights law. The Defendant's argument to the contrary fails to acknowledge these well-established legal principles.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny the Commonwealth of Kentucky's Motion to Dismiss in its entirety. Plaintiff has sufficiently pled valid claims for prospective injunctive relief under federal law and demonstrated that the doctrines of equitable tolling, continuing violations, and exceptions to sovereign immunity apply. Additionally, Plaintiff has standing to bring her claims on behalf of her daughter, and the doctrines of *res judicata* and statute of limitations do not preclude her from pursuing this action.

Should the Court find any portion of the complaint insufficiently pled, Plaintiff requests leave to amend the complaint under Federal Rule of Civil Procedure 15(a)(2), which should be freely given when justice so requires.

This, the 22 day of October, 2024.

Respectfully Submitted,

By: _____
Sarah Teague
Plaintiff, *pro se*
sarah.teague5@gmail.com
1078 Paces Creek Road
Manchester, KY 40962

## CERTIFICATE OF SERVICE

I hereby certify that on October ___, 2024, I filed the foregoing with this Court by mailing the same and any and all attachments and exhibits, if any, to this Court, which, upon docketing, will provide service on all counsel of record via the CM/ECF system.

By: _____
Sarah Teague
Plaintiff, *pro se*
sarah.teague5@gmail.com
1078 Paces Creek Road
Manchester, KY 40962