# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

| | |
|---|---|
| **SARAH TEAGUE**, | **CIVIL ACTION NO.** |
| | **4:24-cv-00073-DJH-HBB** |
| *Individually And As The Mother Of Heather Danyelle Teague,* | |
| | **PLAINTIFF'S** |
| Plaintiff, | **MOTION TO JOIN PARTIES** |
| v. | |
| **KENTUCKY STATE POLICE POST 16 HENDERSON**, *et al* | |
| Defendants. | |

---

## PLAINTIFF'S MOTION TO JOIN PARTIES

---

Comes now Plaintiff, Sarah Teague, *pro se*, and respectfully moves this Honorable Court to permit the addition of additional defendants to this civil action. Plaintiff seeks to add as parties various individuals and entities whose actions, omissions, and conspiratorial conduct have directly contributed to the violations alleged in the original Complaint. This Motion is made pursuant to **Federal Rule of Civil Procedure 20(a)(2)** and **Federal Rule of Civil Procedure 15(a)** and is supported by the following grounds:

## I. LEGAL STANDARD FOR ADDING PARTIES

Federal Rule of Civil Procedure 20(a)(2) allows for the joinder of additional defendants when any right to relief is asserted against them jointly, severally, or in the alternative with

respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences and ny question of law or fact common to all defendants will arise in the action.

Federal Rule of Civil Procedure 15(a) permits the amendment of pleadings to add parties when justice so requires. The Sixth Circuit has recognized that Rule 15(a) embodies a liberal amendment policy. In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Supreme Court held that leave to amend should be freely given unless there is evidence of undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of amendment. Similarly, in *Broyles v. Correctional Medical Services, Inc.*, No. 08-1638, 2009 WL 3154241, at *3 (6th Cir. Jan. 23, 2009), the Sixth Circuit noted that Rule 15 and Rule 21 control the amendment of pleadings where the amendment seeks to add parties to the action, emphasizing the court's discretion to permit such amendments when justice so requires.

## II.   PARTIES TO BE ADDED

Plaintiff seeks to add the following individuals and entities as Defendants:

1. **Attorney General of Kentucky** (for failing to act on clear and convincing evidence of official misconduct and obstruction of justice while acting under color of law, violating Plaintiff's rights and the rights of her daughter under the Kentucky and United States Constitution);

2. **Department of Criminal Investigations (DCI)** (for failing to investigate and properly follow leads that could have led to the discovery of Heather Danyelle Teague's whereabouts and the identity of the perpetrator(s));

3. **Former and Current Kentucky State Police Officers**, including but not limited to:

a. **Lt. Aaron T. Pryor** (for failing to provide a proper point of contact and failing to act on key investigative leads);

b. **Lt. David Osborne** (for altering statements and participating in misinformation about the case);

c. **Det. Marc Carter, Captain Ricky Allen, Lt. Pat Isbill, Sgt. Jason Kirk** of the Kentucky State Police, Post 16 (for concealing and altering audio recordings that contradict prior official statements);

d. **Special Agent Jerry Garner** (for forcing Plaintiff to declare her daughter legally deceased to obtain files otherwise available to her by federal law);

e. **Tim Walthall** (for delaying the reporting of Heather Teague's abduction, providing inconsistent statements, and potentially covering up material facts);

f. **Unnamed FBI Agents** involved in mishandling critical evidence, including evidence from Marty Dill's vehicle, and obstructing justice regarding Heather Teague's disappearance.

## III.    BASIS FOR ADDING PARTIES

The additional defendants named above are necessary parties to this action due to their direct or indirect involvement in:

1. The obstruction of justice in the investigation of Heather Teague's abduction;

2. The suppression, alteration, and destruction of key evidence that could have led to the resolution of the case;

3. The failure to properly investigate, follow leads, and take appropriate action based on the evidence presented;

4. Providing false or misleading information regarding the investigation and suspect descriptions;

5. Concealing key investigative files and failing to act upon forensic and testimonial evidence that contradicted the official narrative.

Plaintiff has uncovered substantial evidence that directly contradicts the findings and official statements made by KSP and the FBI. This evidence, including documents, audio recordings, and witness statements, has been deliberately ignored or actively suppressed. Plaintiff asserts that numerous officials have engaged in a pattern of misconduct that constitutes a violation of her constitutional rights and the due process rights of her daughter, Heather Danyelle Teague.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court grant this Motion and allow for the addition of the above-named individuals and entities as Defendants in this matter.

This, the 31st day of March, 2025

Respectfully Submitted,

By: /s/ Sarah Teague
Sarah Teague
Plaintiff, *pro se*
sarah.teague5@gmail.com
1078 Paces Creek Road
Manchester, KY 409622

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2025, I filed the foregoing with this Court by mailing the same and any and all attachments and exhibits, if any, in this Court, which, upon docketing, will provide service on all counsel of record via the CM/ECF system.

By:    /s/ Sarah Teague
          Sarah Teague
          Plaintiff, *pro se*
          sarah.teague5@gmail.com
          1078 Paces Creek Road
          Manchester, KY 40962