# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

| | |
|---|---|
| **SARAH TEAGUE**, *Individually And As The Mother Of Heather Danyelle Teague*, <br>      Plaintiff, <br>v. <br><br>**KENTUCKY STATE POLICE POST 16 HENDERSON, KENTUCKY;** and <br><br>**THE FEDERAL BUREAU OF INVESTIGATION;** and <br><br>**ATTORNEY GENERAL OF KENTUCKY;** and <br><br>**DEPARTMENT OF CRIMINAL INVESTIGATIONS (DCI);** and <br><br>**LT. AARON T. PRYOR,** *individually and in his official capacity*; and <br><br>**LT. DAVID OSBORNE,** *individually and in his official capacity*; and <br><br>**DETECTIVE MARC CARTER,** *individually and in his official capacity*; and <br><br>**CAPTAIN RICKY ALLEN,** *individually and in his official capacity*; and <br><br>**LT. PAT ISBILL,** *individually and in his official capacity*; and <br><br>**SGT. JASON KIRK,** *individually and in his official capacity*; and <br><br>**SPECIAL AGENT JERRY GARNER,** *individually and in his official capacity*; | CIVIL ACTION NO. <br><br>CIVIL ACTION NO. <br>**4:24-cv-00073-DJH-HBB** <br><br>PLAINTIFF'S FIRST AMENDED COMPLAINT <br><br>JURY TRIAL DEMANDED |

1

**and**

**TIM WALTHALL**, *individually*; and

**UNNAMED FBI AGENTS**, *individually and in their official capacities*,
                      Defendants.

## PLAINTIFF'S FIRST COMPLAINT

Plaintiff, Sarah Teague, individually and as the mother of Heather Danyelle Teague, *pro se,* in and for her Complaint against the above captioned Defendants, Kentucky State Police Post 16 Henderson, Kentucky, and Federal Bureau of Investigation, states as follows:

## PARTIES

1. Plaintiff Sarah Teague is a resident of Manchester, Kentucky, and the mother of Heather Danyelle Teague, who was abducted on August 26, 1995.

2. Defendant Kentucky State Police Post 16 is a law enforcement agency based in Henderson, Kentucky.

3. Defendant Federal Bureau of Investigation (FBI) is a federal law enforcement agency.

4. The Attorney General of the Commonwealth of Kentucky, at all relevant times was an elected official acting under color of law in and for the Commonwealth of Kentucky–*inter alia,* Kentucky State Police Post 16 and its officers;

5. LT. Aaron T. Pryor, is and or was, at all relevant times, a Lieutenant with the Kentucky State Police;

6. LT. David Osborne, is and or was, at all relevant times, a Lieutenant with the Kentucky State Police;

7. Detective Marc Carter, is and or was, at all relevant times, a Detective with Lieutenant with the Kentucky State Police;

8. Captain Ricky Allen, is and or was, at all relevant times, a Captain with the Kentucky State Police;

9. LT. Pat Isbill, is and or was, at all relevant times, a Lieutenant with the Kentucky State Police;

10. SGT. Jason Kirk, is and or was, at all relevant times, a Lieutenant with the Kentucky State Police;

11. Special Agent Jerry Garner, is and or was, at all relevant times, a Lieutenant with the Kentucky State Police;

12. Tim Walthall, is an individual and resident of Indiana;

13. Unnamed FBI Agents, are unnamed parties who will be named upon discoverable information that aided and abetted the causes of action that give rise to this Complaint

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1343(a)(3) (civil rights and elective franchise), and 28 U.S.C. § 1367 (supplemental jurisdiction).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL ALLEGATIONS

6. On August 26, 1995, Heather Danyelle Teague was abducted from Newburgh Beach in Henderson County, Kentucky.

7. Witnesses reported seeing a man dragging Heather into the woods by her hair and at gunpoint. The man was described as 6'0" tall, 210-230 lbs, with dark, bushy hair and a beard.

8. Kentucky State Police (KSP) Post 16 framed Marty Dill as the suspect despite him not matching the witness description. Marty Dill was bald, 5'10", and 180 lbs. He died under suspicious circumstances shortly after the investigation began.

9. Plaintiff has uncovered significant evidence demonstrating the mishandling of the investigation by the KSP, including the use of outdated and inaccurate information, the failure to pursue credible leads, and the intentional misrepresentation of facts.

10. The FBI also mishandled evidence, including items taken from Dill's Bronco and DNA evidence, which was improperly managed and led to significant delays in the investigation.

11. Despite numerous requests for information and legal action, both KSP and the FBI have failed to provide adequate responses, withheld critical evidence, and obstructed the investigation.

**CAUSES OF ACTION**
**Count I: Violation of Civil Rights (42 U.S.C. § 1983)**

12. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

13. Defendants, acting under color of state law, deprived Heather Danyelle Teague of her rights secured by the Constitution and laws of the United States, including but not limited to, her right to due process and equal protection under the law.

14. Defendants' actions and omissions were done with deliberate indifference and reckless disregard for the rights and safety of Heather Danyelle Teague.

**Count II: Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985)**

15. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

16. Defendants conspired to interfere with the civil rights of Heather Danyelle Teague by obstructing justice, withholding evidence, and misrepresenting facts to protect the actual perpetrator(s) and close the case prematurely.

**Count III: Failure to Train and Supervise (42 U.S.C. § 1983)**

17. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

18. Defendants failed to adequately train and supervise their officers and agents, resulting in the deprivation of Heather Danyelle Teague's constitutional rights.

**Count IV: Negligence**

19. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

20. Defendants owed a duty of care to properly investigate the abduction of Heather Danyelle Teague, to preserve and protect evidence, and to follow all leads to ensure a thorough and unbiased investigation.

21. Defendants breached this duty of care through their negligent actions and omissions, which directly and proximately caused harm to Plaintiff and the wrongful death of Heather Danyelle Teague.

**Count V: Wrongful Death (KRS § 411.130)**

22. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

23. As a direct and proximate result of Defendants' negligent and wrongful acts, Heather Danyelle Teague suffered injuries that resulted in her death.

**Count VI: Intentional Infliction of Emotional Distress**

24. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

25. Defendants' actions and omissions were intentional and/or reckless, and were so outrageous and extreme as to go beyond all possible bounds of decency.

26. As a direct result of Defendants' conduct, Plaintiff has suffered severe emotional distress.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court:

1. Award compensatory damages to Plaintiff in an amount to be determined at trial;

2. Award punitive damages to Plaintiff in an amount to be determined at trial;

3. Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

4. Direct KSP Post 16 to hang a life size portrait of Heather Danyelle Teague in their building in plain view of all officers and visitors; and

5. Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

This, the 31st day of March, 2025.

Respectfully Submitted,

By: /s/ Sarah Teague
Sarah Teague
Plaintiff, *pro se*
sarah.teague5@gmail.com
1078 Paces Creek Road
Manchester, KY 40962