UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

| | |
|---|---|
| SARAH N. TEAGUE, | Plaintiff, |
| v. | Civil Action No. 4:24-cv-73-DJH-HBB |
| KENTUCKY STATE POLICE POST 16 and FEDERAL BUREAU OF INVESTIGATION, | Defendants. |

\* \* \* \* \*

### **MEMORANDUM AND ORDER**

Plaintiff Sarah N. Teague, proceeding pro se, sued Defendants Kentucky State Police Post 16 (KSP) and the Federal Bureau of Investigation (FBI) based on the defendants' investigation into the abduction of Teague's daughter, Heather Danyelle Teague, on August 26, 1995. (Docket No. 1) Teague asserts federal claims under 42 U.S.C. § 1983 and § 1985 as well as state-law claims for negligence, wrongful death, and intentional infliction of emotional distress. (*Id.*, PageID.3–5) Both defendants move to dismiss Teague's complaint under Federal Rule of Civil Procedure 12 (D.N. 7; D.N. 16), and the FBI additionally moves for summary judgment. (D.N. 17) Teague opposes Defendants' motions (D.N. 13; D.N. 18) and also moves to amend her complaint (D.N. 23), which Defendants oppose as futile. (D.N. 25; D.N. 26) After careful consideration, the Court will deny Teague's motion to amend, grant Defendants' motions to dismiss, and deny the FBI's motion for summary judgment as moot for the reasons set out below.

**I.**

"When both a motion to dismiss and a motion to amend the complaint are pending, the Court should first address the motion to amend." *Freeman v. McCoy*, No. 3:22-CV-74-DJH-CHL, 2023 WL 11944495, at *2 (W.D. Ky. July 31, 2023) (citing *Simpson v. Louisville Metro Gov't*,

No. 3:19-CV-629, 2021 WL 4097310, at *2 (W.D. Ky. Sept. 8, 2021)). Thus, the Court will begin by addressing whether Teague is entitled to amend her complaint.[1]

Under Federal Rule of Civil Procedure 15,

> [a] party may amend its pleading once as a matter of course no later than . . . 21 days after serving it, or . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). In all other cases, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Here, Teague moves to amend outside of the period provided by Rule 15(a) for amendments as a matter of course. (*See* D.N. 23 (motion to amend filed March 31, 2025); D.N. 16 (motion to dismiss filed November 22, 2024); D.N. 7 (motion to dismiss filed September 6, 2024); D.N. 1 (complaint filed July 26, 2024)) Thus, because Defendants do not consent to Teague's motion (*see* D.N. 25; D.N. 26), Teague must obtain the Court's leave to amend her complaint.[2] Fed. R. Civ. P. 15(a)(2).

---

[1] Because Teague's amended complaint seeks to add several new parties as defendants, she must also "satisf[y] the more specific permissible joinder provisions" of Federal Rule of Civil Procedure 20(a). *See Hammond-Beville v. Landis*, No. 3:20-CV-00973, 2022 WL 16950277, at *3 (M.D. Tenn. Nov. 15, 2022) (collecting cases); *see also L.H. v. Red Roof Inn, Inc.*, No. 3:22-CV-625-CHB-RSE, 2025 WL 714385, at *19 (W.D. Ky. Mar. 5, 2025). Teague's new claims arise from the same occurrence as those asserted in her original complaint and there are multiple questions of law or fact common to all defendants. Accordingly, Rule 20(a) is satisfied here. *See* Fed. R. Civ. P. 20(a). No party disputes this conclusion. (*See generally* D.N. 25; D.N. 26)

[2] Federal Rule of Civil Procedure 21 is also implicated by Teague's motion to amend. *See Red Roof Inn,* 2025 WL 714385, at *19; *see also* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."). Although the Sixth Circuit "has not determined whether Rule 21 or Rule 15 controls the amendment of a pleading where the amendment seeks to add parties to the action," *Broyles v. Corr. Med. Servs., Inc.*, No. 08-1638, 2009 WL 3154241, at *3 (6th Cir. Jan. 23, 2009), the distinction is largely inconsequential here because "Rule 21 considers the same factors as Rule 15." *Red Roof Inn*, 2025 WL 714385, at *19 (quoting *7D Holdings, LLC v. JAWK Holdings LLC*, No. 1:24-CV-00033-GNS-HBB, 2024 WL 5056637, at *4 (W.D. Ky. Dec. 10, 2024)); *see also Hollon v. HCA Healthcare, Inc.*, No. 3:22-CV-52-KKC, 2023 WL 5029889, at *2.

Federal Rule of Civil Procedure 15 provides that "[t]he [C]ourt should freely give leave [to amend] when justice so requires." *Id.* But the Court

> need not grant a motion to amend when the reason for amendment is improper, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."

*Greer v. Strange Honey Farm, LLC*, 114 F.4th 605, 617 (6th Cir. 2024) (quoting *Skatemore, Inc. v. Whitmer*, 40 F.4th 727, 737 (6th Cir. 2022)). Here, Defendants argue that the proposed amended complaint is futile. (*See generally* D.N. 25; D.N. 26) An amendment is futile when it would not survive a motion to dismiss.[3] *SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 355 (6th Cir. 2014) (citation omitted). To survive a motion to dismiss for failure to state a claim, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the [party] pleads factual content that allows the court to draw the reasonable inference that the [opposing party] is liable for the misconduct alleged." *Id.* Factual allegations are essential; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and the Court need not accept such statements as true. *Id.* When considering a motion to dismiss, "a district court must (1) view the complaint in the light most favorable to the [non-moving party] and (2) take all well-pleaded factual allegations as true." *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009))

---

[3] In opposing Teague's motion to amend, both KSP and the FBI rely on the arguments asserted in their prior motions to dismiss. (*See* D.N. 25; D.N. 26; *see also* D.N. 7; D.N. 16)

As an initial matter, the Court notes that the allegations in Teague's amended complaint are identical to those asserted in her original complaint. (*See* D.N. 23-1; *cf.* D.N. 1) Teague's amended complaint differs from her original complaint only insofar as it adds several new defendants. (*See id.*) Specifically, Teague's amended complaint seeks to join the Attorney General of Kentucky, the Kentucky "Department of Criminal Investigations," and various state and federal officers.[4] (*See* D.N. 23, PageID.167–68) In addition, the amended complaint joins Tim Walthall, allegedly "the sole eyewitness" to Heather Teague's abduction. (*See* D.N. 24, PageID.179; D.N. 23, PageID.168)

In any event, the amended complaint asserts that Teague's daughter, Heather Danyelle Teague, was abducted on August 26, 1995, in Henderson County, Kentucky. (D.N. 23-1, PageID.173 ¶ 6) According to witnesses, Heather Teague was dragged into the woods "by her hair and at gunpoint" by a man described as six feet tall, weighing approximately 210–230 pounds, and with "dark, bushy hair and a beard." (*Id.* ¶ 7) During the investigation into Heather Teague's abduction, Teague alleges, KSP "framed Marty Dill as the suspect despite him not matching the witness description." (*Id.*, PageID.174 ¶ 8) Specifically, Dill was bald, only 5'10" tall and 180 pounds, and "died under suspicious circumstances shortly after the investigation began." (*Id.*) In addition, Teague alleges that she has "uncovered significant evidence demonstrating the mishandling of the investigation by . . . KSP, including the use of outdated and inaccurate information, the failure to pursue credible leads, and the intentional misrepresentation of facts." (*Id.* ¶ 9) Teague also asserts that the FBI "mishandled evidence, including items taken from Dill's

---

[4] Teague seeks to join the following state and federal officers in their individual and official capacities: Lieutenant Aaron T. Pryor; Lieutenant David Osborne; Detective Marc Carter; Captain Ricky Allen; Lieutenant Pat Isbill; Sergeant Jason Kirk; Special Agent Jerry Garner; and "[u]nnamed FBI agents involved in mishandling critical evidence . . . and obstructing justice regarding Heather Teague's disappearance." (D.N. 23, PageID.168; *see also* D.N. 23-1)

Bronco and DNA evidence," causing "significant delays in the investigation." (*Id.* ¶ 10) Finally, Teague alleges that "[d]espite numerous requests for information and legal action, both KSP and the FBI have failed to provide adequate responses, withheld evidence, and obstructed the investigation." (*Id.* ¶ 11) Based on these allegations, Teague asserts the following federal claims against all defendants: "Violation of Civil Rights" and "Failure to Train and Supervise" under 42 U.S.C. § 1983 and "Conspiracy to Interfere with Civil Rights" under 42 U.S.C. § 1985. (*Id.*, PageID.174–75 ¶¶ 12–18) Teague also asserts claims for negligence, wrongful death, and intentional infliction of emotional distress against all defendants under Kentucky law. (*Id.*, PageID.175–76 ¶¶ 19–26) As relief, Teague seeks damages and for the Court to "[d]irect KSP Post 16 to hang a life size portrait of Heather Danyelle Teague in their building in plain view of all officers and visitors." (*Id.*, PageID.176)

KSP and the FBI argue that this action should be dismissed, and that amendment is futile, for several reasons. (*See* D.N. 25; D.N. 26) Both KSP and the FBI contend that (1) sovereign immunity bars Teague's federal claims; (2) all of Teague's claims are time-barred; and (3) Teague has failed to state any claim upon which relief can be granted. (*See* D.N. 25, PageID.183; D.N. 26, PageID.186) Separately, KSP asserts that Teague's claims are barred by res judicata and that Teague lacks standing to sue on behalf of Heather Teague (D.N. 25, PageID.183), and the FBI argues that Teague "failed to exhaust prior to filing her complaint, as required by 28 U.S.C. § 2675(a)." (D.N. 26, PageID.186) In reply, Teague states that she has "discovered key evidence that was previously withheld" and that this evidence "materially alter[s] the factual landscape of the original complaint."[5] (D.N. 27, PageID.191) Teague also replies that the defense of sovereign

---

[5] Specifically, Teague points to "a call recording from witness Tim Walthall" from August 26, 1995. (D.N. 27, PageID.191) Teague claims that "[a]ccording to FBI documentation," this call occurred "at 1:15 p.m." but that "metadata from the actual recording indicates the call began at

5

immunity "do[es] not apply at the pleading stage." (*Id.*, PageID.192)  Finally, Teague argues that "[e]quitable principles favor amendment."  (*Id.*, PageID.194)

## II.

In opposing amendment, KSP and the FBI assert that Teague's federal claims against them are barred by sovereign immunity.  (*See* D.N. 7, PageID.31–33; D.N. 16, PageID.111–12; *see also* D.N. 25, PageID.183; D.N. 26, PageID.186)  The Court "treat[s] sovereign immunity as a 'jurisdictional bar' that, 'once raised as a jurisdictional defect, must be decided before the merits.'" *Does v. Whitmer*, 69 F.4th 300, 305 (6th Cir. 2023) (quoting *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015)).  Thus, the Court considers sovereign immunity as a threshold issue here.  *See id.*

The Court agrees that sovereign immunity bars Teague's federal claims against KSP and the FBI.  As to KSP, the Eleventh Amendment prescribes that "a state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity . . . or Congress has overridden it." *Turner v. Mabe*, No. 3:20-CV-346-DJH-RSE, 2021 WL 723276, at *2 (W.D. Ky. Feb. 24, 2021) (citations omitted).  Teague sued "Post 16" of the KSP (*see generally* D.N. 1; D.N. 23-1), and "[i]t is well-established that the Kentucky State Police constitutes an 'arm of the state' for Eleventh Amendment purposes." *Tucker v. KY State Police Post #4*, No. 3:23-CV-P328-JHM, 2023 WL 6929815, at *2 (W.D. Ky. Oct. 19, 2023) (citing *Kenney v. Paris Police Dep't*, No. 5:07-CV-358-JMH, 2011 WL 1582125 at *5 (E.D. Ky. Apr. 26, 2011)).  But "[t]he Commonwealth of Kentucky has not waived its immunity against § 1983

---

1:08 p.m. and ended at 1:15 p.m., directly contradicting the official timeline."  (*Id.*)  Additionally, Teague has allegedly discovered "that Heather Teague's bathing suit bottoms . . . were misrouted by KSP to a private DNA lab in Florida 27 years after the abduction" and that the FBI "later advised that this lab would ruin the evidence."  (*Id.*)

actions, . . . and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states." *Turner,* 2021 WL 723276, at *2 (W.D. Ky. Feb. 24, 2021) (citations omitted). Similarly, KSP "cannot be sued under . . . [§] 1985 due to Eleventh Amendment immunity." *Moran v. Kentucky State Police*, No. 1:23-CV-00051-GNS, 2024 WL 102217, at *2 (W.D. Ky. Jan. 9, 2024) (citation omitted). As a result, the federal claims against KSP in Teague's amended complaint are futile. *See id.* (citing *Young v. Hicks*, No. 5:19-CV-200-TBR, 2021 WL 3872061, at *11 (W.D. Ky. Aug. 30, 2021)); *see also SFS Check,* 774 F.3d at 355.

Teague's federal claims against the FBI are also barred by sovereign immunity. The federal government and its agencies "cannot be sued absent a waiver of sovereign immunity," *Alvey v. Equal Emp. Opportunity Off.*, No. 1:20-CV-140-GNS, 2020 WL 5648209, at *2 (W.D. Ky. Sept. 22, 2020) (citation omitted), and this rule applies to suits against the FBI. *See Washington v. F.B.I.*, No. 5:14-429-KKC, 2015 WL 1729189, at *2 (E.D. Ky. Apr. 10, 2015) (citing *Ghandi v. Police Dep't of City of Detroit*, 747 F.2d 338, 342–43 (6th Cir. 1984)). Neither § 1983 nor § 1985 waives the federal government's sovereign immunity from suit. *See Charles v. Fed. Bureau of Prisons*, No. 1:20-CV-217, 2021 WL 3421273, at *1 (S.D. Ohio Aug. 4, 2021) (§ 1983); *Sanzotta v. City of Ann Arbor*, No. 16-10007, 2016 WL 3878260, at *4 (E.D. Mich. July 18, 2016) (§ 1985). Thus, the federal claims against the FBI in Teague's amended complaint are futile. *See Alvey*, 2020 WL 5648209, at *2–3; *see also SFS Check,* 774 F.3d at 355.

Similarly, the federal claims asserted against several of the new defendants in Teague's amended complaint are futile due to sovereign immunity. To the extent that Teague's amended complaint asserts official-capacity claims under § 1983 and § 1985 against state and federal law-enforcement officers (*see* D.N. 23-1), those claims are barred. *See Young*, 2021 WL 3872061, at *11 (explaining that the Eleventh Amendment applies to official-capacity suits against Kentucky

7

police officers because "suing [a] KSP [officer] in his official capacity is another way of pleading suit against the Department of Kentucky State Police of which [the officer] is an employee" (citation omitted)); *see also Bakus v. Bakus*, No. 3:14-CV-00981-CRS, 2015 WL 5031976, at *3 (W.D. Ky. Aug. 25, 2015) ("The sovereign immunity of the United States extends to . . . federal officers in their official capacities." (citation omitted)). The amended complaint's federal claims against the "Attorney General of the Commonwealth of Kentucky" and the "Department of Criminal Investigations" (*see* D.N. 23-1) are likewise barred. *See Vibo Corp. v. Conway*, 594 F. Supp. 2d 758, 786–88 (W.D. Ky. 2009) (applying sovereign immunity to dismiss claims against the Attorney General of Kentucky); *Grider Drug LLC v. Kentucky*, No. CIV. A. 3:08-77-DCR, 2009 WL 1044935, at *1–2 (E.D. Ky. Apr. 20, 2009) (applying sovereign immunity to dismiss claims against the Kentucky Department of Criminal Investigations).

As to the remaining claims in Teague's amended complaint, the Court concludes that they are futile because they fail to state any claim upon which relief can be granted. As noted above, the Court need not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," as true at the motion-to-dismiss stage. *See Iqbal*, 556 U.S. at 678. And although pro se pleadings are held to "a less stringent standard than formal pleadings drafted by lawyers," the Court need not "conjure up unpled allegations" or "explore exhaustively all potential claims of a pro se plaintiff." *Flint v. Willett*, No. 3:15-CV-351-DJH, 2016 WL 830064, at *2 (W.D. Ky. Mar. 3, 2016) (quotations and emphasis omitted); *see also Alvey*, 2020 WL 5648209, at *1.

Here, Teague's amended complaint consists almost entirely of conclusory statements without sufficient factual support. For example, Teague asserts that KSP "framed Marty Dill as the suspect" in Heather Teague's disappearance (*see* D.N. 23-1, PageID.174 ¶ 8; *see also* D.N. 1,

PageID.2 ¶ 8) without providing any "factual content that allows the court to draw the reasonable inference that [KSP] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Similarly, Teague alleges to have "uncovered significant evidence demonstrating the mishandling of the investigation," but she does not adequately explain what this evidence is or how it supports her claims. (*See* D.N. 23-1, PageID.174; *see also* D.N. 1, PageID.2 ¶ 9) Teague's assertion that Defendants "have failed to provide adequate responses, withheld critical evidence, and obstructed the investigation" (*see* D.N. 23-1, PageID.174; D.N. 1, PageID.3) is likewise conclusory and need not be accepted as true. *Iqbal*, 556 U.S. at 678. Ultimately, Teague's amended complaint "contains only bare-boned factual allegations, devoid of any specificity or particularity[,] . . . . fail[] to provide any dates or context for [her] allegations[,] and often lump[] all Defendants together without specifying what each Defendant has done to violate h[er] rights." *Flint*, 2016 WL 830064, at *2 (citation omitted). Thus, Teague's allegations are "too broad and conclusory to state a . . . claim." *See id.* at *3; *see also Iqbal*, 556 U.S. at 678.

In addition, the legal theories Teague uses to support her claims are deficient in several ways. As to Teague's negligence claim, Teague asserts that "Defendants owed a duty of care to properly investigate the abduction of Heather Danyelle Teague, to preserve and protect evidence, and to follow all leads to ensure a thorough and unbiased investigation." (D.N. 23-1, PageID.175 ¶ 20; *see also* D.N. 1, PageID.4 ¶ 20) According to Teague, Defendants "breached this duty of care through their negligent actions and omissions." (D.N. 23-1, PageID.175 ¶ 21; *see also* D.N. 1, PageID.4 ¶ 21) But "there is typically no cause of action for holding police officers liable for negligent investigation" in Kentucky. *Stuart v. Lowe's Home Centers, LLC*, No. 4:17-CV-00077-JHM, 2017 WL 4875281, at *4 (W.D. Ky. Oct. 27, 2017), aff'd, 737 F. App'x 278 (6th Cir. 2018) (citing *Grant v. City of Raceland*, No. 2012-CA-001105-MR, 2014 WL 3020383, at *2 (Ky. Ct.

App. July 3, 2014)). As to Teague's wrongful-death claim, "[u]nder Kentucky law, a wrongful-death claim may be brought only by an appointed estate representative, and the claim must be filed within one year of the representative's appointment and no later than two years after the decedent's death." *Booker v. Gates Rubber Co.*, No. 3:16-CV-00097-GNS-DW, 2016 WL 6603943, at *1 (W.D. Ky. Nov. 7, 2016) (quoting *Moody v. Cooper Indus., Inc.*, No. CIV.A.03-158-JBC, 2006 WL 1207703, at *2 (E.D. Ky. May 3, 2006)). Teague's amended complaint contains no allegations regarding her status as an appointed estate representative, however, and she alleges that Heather Teague has been missing for nearly thirty years. (*See generally* D.N. 1; D.N. 23-1) Finally, Teague's IIED claim is futile because she has not "allege[d] specific facts" supporting an inference that Defendants "intentionally or recklessly engaged in outrageous conduct." *See Hodge v. Spalding Univ., Inc.*, No. 3:24-CV-00156-GNS, 2024 WL 4713578, at *9 (W.D. Ky. Nov. 7, 2024).

Finally, to the extent the amended complaint's federal claims are not barred by sovereign immunity, they are nevertheless futile. In fact, this Court has already dismissed substantially similar federal claims previously brought by Teague.[6] *See generally Teague*, 2013 WL 2404804. In 2013, Teague filed a § 1983 lawsuit against KSP and various law-enforcement officers, alleging that "she ha[d] proof that the story she was told on August 26, 1995, concerning her daughter Heather's abduction [was] not true." *Id.* at *1. In dismissing that action, this Court explained that "[t]o the extent [Teague's] allegations can be considered to be that Defendants have violated the Due Process Clause because they have not properly investigated this case, such an allegation does

---

[6] The allegedly mishandled evidence mentioned in Teague's amended complaint—such as "items taken from Dill's Bronco and DNA evidence" (D.N. 23-1, PageID.174 ¶ 10)—were also alleged to have been mishandled in Teague's 2013 lawsuit. *See Teague v. Ky. State Police,* No. 4:13CV-16-R, 2013 WL 2404804, at *1–2 (W.D. Ky. May 31, 2013).

not state a claim" under § 1983. *Id.* at *6. In the present matter, Teague again asserts that Heather Teague's "right to due process" was violated by Defendants' allegedly insufficient investigation. (*See* D.N. 23-1, PageID.174; *see also* D.N. 1, PageID.3) But as the Court has previously explained, this theory is not cognizable under § 1983. *Teague*, 2013 WL 2404804, at *6.

Similarly, to the extent sovereign immunity is inapplicable, the amended complaint's § 1985 claim "fails because [Teague] has not alleged that a 'conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus.'" *Flint*, 2016 WL 830064, at *3 (quoting *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999)). Teague makes no assertions regarding a "racial, or other class-based, invidiously discriminatory animus," *id.*, in her complaints. (*See generally* D.N. 1; D.N. 23-1) For the same reason, the amended complaint's § 1983 claim is futile insofar as it seeks relief for the alleged deprivation of Heather Teague's right to "equal protection under the law" (*see* D.N. 23-1, PageID.174 ¶ 13): "To establish an equal protection claim under § 1983, [a p]laintiff must show that she is a member of a protected class and that she was intentionally and purposefully discriminated against because of her membership in that protected class." *Skipper v. Clark*, 150 F. Supp. 3d 820, 826 (W.D. Ky. 2015) (quotation omitted). And because "a prerequisite to establishing liability under § 1983 for failure to train is that a constitutional violation has occurred," Teague's failure to articulate any "plausible constitutional violation" makes futile the amended complaint's failure-to-train claim. *See Buck v. City of Highland Park, Michigan*, 733 F. App'x 248, 254 (6th Cir. 2018) (citations omitted).

In sum, Teague has failed to state any viable claim in her amended complaint. (*See* D.N. 23-1) And although Teague makes various arguments in favor of amendment, none are successful. Contrary to Teague's assertions (D.N. 27, PageID.192), the defense of sovereign immunity applies at the pleading stage. *See Arnold v. Oglesby*, No. 21-5667, 2022 WL 1562094, at *2–3 (6th Cir.

Feb. 15, 2022) (affirming district court's dismissal of pro se plaintiff's complaint due to sovereign immunity). Moreover, because Teague's claims are both devoid of sufficient factual support and legally deficient for the reasons already discussed, Teague's vague contentions that new evidence and "equitable principles" warrant amendment are inapposite. (D.N. 27, PageID.191–95) Accordingly, the Court will deny Teague's motion to amend (D.N. 23) as futile. *See SFS Check*, 774 at 355.

Finally, as noted above, Teague's original and amended complaints differ only in that the amended complaint adds several new defendants. (*See* D.N. 1; D.N. 23-1) As a result, Teague's original complaint also fails to state a claim, and the Court will grant KSP and the FBI's motions to dismiss (D.N. 7; D.N. 16) without further analysis.[7] The Court will also deny the FBI's motion for summary judgment (D.N. 17) as moot. *See Knight v. Woosley*, No. 4:18-CV-P34-JHM, 2018 WL 5045222, at *1–2 (W.D. Ky. Oct. 17, 2018) (granting motion to dismiss and denying motion for summary judgment as moot).

---

[7] Because Teague's complaint fails to state a claim for the reasons discussed above, the Court need not address the other grounds for dismissal articulated by Defendants. (*See generally* D.N. 7; D.N. 16; D.N. 25; D.N. 26)

## III.

For the reasons set out above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Teague's motion to amend (D.N. 23) is **DENIED**.

(2) Defendants' motions to dismiss (D.N. 7; D.N. 16) are **GRANTED**.

(3) The FBI's motion for summary judgment (D.N. 17) is **DENIED** as moot.

(4) All claims having been resolved, this matter is **CLOSED** and **STRICKEN** from the Court's active docket.

August 15, 2025

David J. Hale, Judge
United States District Court